# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW MEXICO

## PACER Cover Sheet
## for Electronically Filed Documents

Any data shown here are current as of 06/10/06. Any element of information on this form, except the received date, is subject to change as changes may be made to the Court's official docket.

| | |
|---|---|
| **Case Title:** | Magdaleno Cabello and Juana de la Cruz Cabello |
| **Case Number:** | 04-15931 |

### Document Information

| | |
|---|---|
| **Description:** | Order Denying [11-1] Chapter 13 Plan, [5-1] Chapter 13 Plan . |
| **Received on:** | 2005-04-06 10:44:43.000 |
| **Date Filed:** | 2005-04-06 00:00:00.000 |
| **Date Entered On Docket:** | 2005-04-06 00:00:00.000 |

### Filer Information

| | |
|---|---|
| **Submitted By:** | Patti Hennessy |

**If this form is attached to the document identified above, it serves as an endorsed copy of the document as it existed on the above date. To confirm that nothing has changed since then, review the docket.**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re: MAGDALENO CABELLO and                    No. 13-04-15931 MR
       JUANA DE LA CRUZ CABELLO,

Debtors.

### ORDER DENYING CONFIRMATION OF DEBTORS' CHAPTER 13 PLAN

THIS MATTER is before the Court on confirmation of the Debtors' proposed Chapter 13 plan of reorganization. The Court held a final confirmation hearing on March 30, 2005 and took the matter under advisement. After reviewing the plan and the claims on file, the Court FINDS:

1. Debtors filed their voluntary petition under Chapter 13 of the Bankruptcy Code on August 13, 2004.

2. Creditor HomEq Servicing Corporation ("HomEq") filed a proof of claim for a secured claim in the total amount of $49,281.89 as of the petition date. The claim is secured by real property that is the Debtors' principal residence.[1] Of the total claim, $17,002.22 is for pre-petition arrears, including attorneys' fees and foreclosure fees and costs. *See* Claim #3.

---

[1] Debtors failed to file Schedule A (Real Property) when they filed their petition, and have never filed Schedule A despite having been granted an extension to file missing statements and schedules. *See Order Extending Time to File Schedules, Statement of Financial Affairs and Chapter 13 Plan,* entered September 14, 2004. The petition lists the Debtors' address as 318 S.1st Street, Lovington, NM, and the Objection to Confirmation of the Chapter 13 Plan and Motion to Value Collateral Filed on September 9, 2004, filed by HomEq, states that its mortgage is on real property commonly known as 318 S. 1st Street, Lovington, New Mexico. Debtors' Schedule D lists HomEq with a claim based on a mortgage on property generally described as 318 S. 1st, Lovington, New Mexico. Based on these documents, the Court infers that the property commonly known as 318 S. 1st Street, Lovington, New Mexcio is the Debtors' principal residence, and that HomEq holds a mortgage on the Debtors' principal residence.

1

3. Debtors did not file an objection to HomEq's claim.

4. Debtors' plan is a sixty-month plan, with monthly payments in the amount of $627.98, for a total plan base of $37,678.80. The plan proposes that the Debtors make a balloon payment in the sixtieth month if needed to render the plan feasible. The plan proposes to continue making the regular monthly mortgage payments directly to HomEq outside the plan.

5. HomEq, DaimlerChrysler Services North America, LLC ("DaimlerChrysler"), and the Chapter 13 Trustee each filed an objection to the Debtors' proposed Chapter 13 plan. *See* Docket # 20 (Objection of DaimlerChrysler); Docket #21 (Objection of Chapter 13 Trustee); and Docket # 24 (Objection of HomEq).[2]

6. Debtors' plan proposes to pay HomEq's claim for pre-petition arrears in the amount of $7,150.05, DaimlerChrysler's secured claim in the amount of $10,735.00, and AmeriCredit's secured claim in the amount of $2,800.00, but provides that if there is a difference in the amount of the claim listed in the plan and the amount of the claim reported on the creditor's proof of claim, that the trustee shall pay the claim amount listed on the creditor's proof of claim. *See* Chapter 13 Plan, ¶ 5.b.

6. The proposed stream of payments under the Debtors' plan is insufficient to pay even the principal amount of the allowed secured claims on file:

$17,022.22    HomeEq - pre-petition arrears (Claim #3)

$ 4,629.32    AmeriCredit (Claim #7)

$21,089.13    DaimlerChrysler Services North America, LLC (Claim #6)

---

[2]HomEq and DaimlerChrysler each objected to the valuation of its claim listed in the Debtors' proposed plan.

TOTAL: $42,730.67

7. The plan is, therefore, infeasible.[3]

8. Even if the Debtors were allowed to make a balloon payment in the sixtieth month to make up the shortfall, the proposed plan impermissibly alters the rights of HomEq in contravention of 11 U.S.C. § 1322(b)(2).[4] The portion of HomEq's secured claim attributable to the pre-petition arrears is $17,002.22 per the proof of claim. Debtors did not object to HomEq's proof of claim, but attempted to reduce the claim through a Chapter 13 plan by proposing to pay $7,150.05 to cure the pre-petition arrears.

WHEREFORE, IT IS HEREBY ORDERED, that confirmation of the Debtors' proposed Chapter 13 plan is DENIED.

_____
MARK B. McFEELEY
United States Bankruptcy Judge

---

[3]AmeriCredit did not object to the Debtors' proposed Chapter 13 plan. However, the plan base still falls short using the claim amount for Americredit proposed in Debtors' Chapter 13 plan.

[4]That section provides, in relevant part:
[T]he plan may --
(2) modify the rights of holders of secured claims, *other than a claim secured only by a security interest in real property that is the debtor's principal residence*, or of holders of unsecured claims, or leave unaffected the rights of holders of any class of claims.

11 U.S.C. § 1322(b)(2) (emphasis added).

3

I certify that on the date shown on the attached document verification, a true and correct copy of the foregoing was either electronically transmitted, faxed, delivered or mailed to the listed counsel and/or parties.

Glen L. Houston
Attorney for Debtors
1304 W. Broadway Pl
Hobbs, NM 88240

Kelley L. Skehen
Chapter 13 Trustee
625 Silver Ave. SW, Suite 350
Albuquerque, NM 87102

Karen Howden Weaver
Attorney for HomEq
3803 Atrisco Blvd. NW, Suite A
Albuquerque, NM 87120

AmeriCredit
c/o Attorney Alice Whitten
PO Box 183853
Arlington, TX 76096

DaimlerChrysler Services North America, LLC
c/o Attorney James E. Shively
2999 North 44th Street, Suite 500
Phoenix, AZ 85018

*/s/ Patti G. Hennessy*
Patti G. Hennessy
Law Clerk
(505) 348-2545